IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BUTTE DIVISION

| | | |
|---|---|---|
| FREEMAN WILLIAM STANTON, | ) | Cause No. CV 08-57-BU-RFC-CSO |
| Petitioner, | ) ) ) | |
| vs. | ) ) | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| SAM LAW, Warden, Crossroads Correctional Center, | ) ) ) | |
| Respondent. | ) ) ) | |

On August 15, 2008, Petitioner Freeman Stanton moved to proceed in forma pauperis with a petition for writ of habeas corpus under 28 U.S.C. § 2241.  The Court has jurisdiction pursuant to 28 U.S.C. §§ 2241 and 2254.  Stanton is a state prisoner proceeding pro se.

**I. Jurisdiction**

Stanton purports to file the instant petition under 28 U.S.C. § 2241, but he is in custody pursuant to the judgment of a state court.  See Mem. in Supp. of Pet. (doc. 2) ("Mem.") at 1; id. at 2, ¶ 3.  "[Section] 2254 is the exclusive avenue for a state court prisoner to challenge the constitutionality of his detention." White v. Lambert, 370 F.3d 1002, 1007 (9th Cir. 2004) (relying on Felker v. Turpin, 518 U.S. 651, 662 (1996)); see

also <u>Greenawalt v. Stewart</u>, 105 F.3d 1287, 187-88 (9th Cir. 1997) (per curiam) (holding that state prisoner cannot use § 2241 to elude second or successive provisions of §§ 2254 and 2244) (citing <u>Felker</u>).  Accordingly, the instant petition falls under 28 U.S.C. § 2254(a).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court lacks jurisdiction to consider a second or successive petition under § 2254 where the petitioner has already filed one federal petition that was not dismissed for failure to exhaust state remedies.  <u>See</u> 28 U.S.C. § 2244(b)(1), (2), (3)(A); <u>Burton v. Stewart</u>, 549 U.S. 147, ___, 127 S. Ct. 793, 794 (2007) (per curiam) (remanding case adjudicated and appealed on merits to district court for dismissal for lack of jurisdiction); <u>Slack v. McDaniel</u>, 529 U.S. 473, 485-86 (2000).

The judgment underlying Stanton's current custody – the judgment he challenges in the instant petition – was entered on June 18, 1982, in Montana's Second Judicial District Court, Butte-Silver Bow County.  Stanton pled guilty to robbery, aggravated kidnaping, sexual intercourse without consent, attempted deliberate homicide, and theft.  He was sentenced to serve a total of 390 years in prison.  <u>See</u> Pet. Ex. C at 3-4.

Stanton filed his first habeas petition in this Court on April 3, 1983.  It was summarily dismissed on April 27, 1983.  <u>See</u> <u>Stanton v. Risley</u>, No. CV 83-44-BU-WDM-JDS (D. Mont. filed Apr. 3, 1983).

Stanton filed a second petition on August 18, 1983.  On July 17, 1985, the petition was dismissed without prejudice for failure to exhaust state remedies.  <u>See</u> <u>Stanton v. Risley</u>, No. CV 84-92-BU-WDM-JDS (D. Mont. Aug. 18, 1983).

On November 16, 1998, Stanton filed a third habeas petition in this Court. See Stanton v. Mahoney, No. CV 99-2-BU-DWM-RWA (D. Mont. forma pauperis granted and petition filed Jan. 13, 1999). In connection with that case, the records of the Ninth Circuit Court of Appeals show that his application for leave to file a successive petition was denied. See Stanton v. Hahoney [sic], No. 99-70750 (9th Cir. July 15, 1999). Consequently, on October 19, 1999, the petition was dismissed in this Court as an unauthorized second or successive petition. See Order (CV 99-2-BU doc. 22). Well over three years later, on June 4, 2003, Stanton's belated request for an application for a certificate of appealability was denied. See Order (CV 99-2-BU doc. 24). He did not appeal.

Stanton now attacks three Montana Supreme Court decisions issued in 2004 and 2007. See Pet. Exs. E, G, L. Nonetheless, the 1982 judgment underlies his applications in the Montana Supreme Court as well as the instant petition. See Mem. at 2, ¶¶ 1-7. Therefore, Stanton must obtain leave from the Ninth Circuit Court of Appeals "[b]efore a second or successive application . . . is filed in the district court." 28 U.S.C. § 2244(b)(3) (emphasis added).

This Court lacks jurisdiction to proceed with this action at this time.

## II. Transfer to Cure Want of Jurisdiction

A federal court is authorized to transfer a civil action over which it lacks jurisdiction "to any other such court in which the action . . . could have been brought at the time it was filed," provided that transfer is "in the interest of justice." 28 U.S.C. § 1631. "A motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions." In

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 3

re McCauley, 814 F.2d 1350, 1352 (9th Cir. 1987), quoted in Miller, 905 F.2d at 262.

"Normally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990) (quoting Goldlawr, Inc. v. Heiman, 369 U.S. 463, 467 (1962)).  However, that is not the case here.  Stanton is attempting to challenge a judgment entered more than twenty-six years ago.  Transfer is not in the interest of justice.  The petition should be dismissed as an unauthorized second or successive petition.

### III. Certificate of Appealability (COA)

The foregoing analysis is based on clearly established, unambiguous law.  There is no basis for a reasonable jurist to conclude that the instant petition is anything other than a successive federal petition requiring preauthorization before it may be filed in this Court.  A COA is not warranted.

Stanton's 1998 petition was not truly second or successive because his 1983 petition was dismissed without prejudice for failure to exhaust state remedies.  See Slack v. McDaniel, 529 U.S. 473, 485-86 (2000).  However, that matter is closed.  Stanton did not attempt to pursue any remedy in this Court for nearly ten years after dismissal of his 1998 petition, to say nothing of the fifteen-year gap between his initial filings in this Court and his 1998 petition.  A COA should be denied.

### IV. Pending Motions

Stanton paid the $5.00 filing fee but also filed a motion to proceed in forma pauperis.  Because forma pauperis status may be relevant in other respects, such as the

cost of printing the record, Stanton's payment of the filing fee does not moot his motion to proceed in forma pauperis. However, because jurisdiction is plainly lacking, forma pauperis status should be denied.

Stanton's motion for the appointment of counsel is denied as moot in light of the recommendation that the petition be dismissed.

Based on the foregoing, the Court enters the following:

## ORDER

Stanton's motion for counsel (doc. 4) is DENIED as moot.

## RECOMMENDATION

1. The motion to proceed in forma pauperis (doc. 3) should be DENIED.

2. The Petition (doc. 1) should be DISMISSED for lack of jurisdiction as an unauthorized second or successive petition.

3. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

4. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection

is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

Stanton must immediately advise the Court of any change in his mailing address by filing a "Notice of Change of Address."

DATED this 30th day of September, 2008.

>/s/ Carolyn S. Ostby
>Carolyn S. Ostby
>United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6